IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID ANDREW DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-cv-03239-SRB |
| | ) |
| CHRISTIAN COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Defendant Christian County, Missouri, Lynn Morris as the Presiding Commissioner of Christian County, Missouri, Johnny Williams as the Western District Commissioner of Christian County, Missouri, Bradley Jackson as the Eastern District Commissioner of Christian County, Missouri, Brad Cole as the Sheriff of Christian County, Missouri, Kristen M. Tuohy as the Prosecutor of Christian County, Missouri, Paula Brumfield as the County Clerk of Chrisitan County, Missouri, Rachel Forgey as the alleged Records Administrator of Christian County, Missouri, Unknown Deputies Tompkins, Humler, and Sanders, and Sergeant Krystal Smith's (collectively, the "moving Defendants") Supplemental Motion to Dismiss and Suggestions in Support of the Court's Exercise of Younger Abstention. (Doc. #23.) As set forth below, the motion is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

I.  FACTUAL BACKGROUND

Plaintiff David Andrew Douglas's ("Plaintiff") *pro se* Complaint (Doc. #1) contains the following allegations. Only those allegations necessary to resolve the pending motion are

discussed below, and they are simplified to the extent possible. Additional allegations relevant to the parties' arguments are discussed in Section III.

Plaintiff alleges he was pulled over on June 26, 2025, by "Defendants White and O'Malley." (Doc. #1, p. 4.) Plaintiff alleges that Defendants White and O'Malley acted "without lawful warrant, probable cause, or constitutional justification, [and] unlawfully seized and arrested Plaintiff, thereby violating Plaintiff's Fourth and Fourteenth Amendment rights." (Doc. #1, p. 4.) Plaintiff alleges that "Defendants" also tampered with his firearm which violated his Second and Fourth Amendment rights. On June 26, 2025, Christian County, Missouri, charged Plaintiff with five misdemeanors, including resisting/interfering with a lawful arrest, driving without a valid driver's license, and speeding.[1]

Plaintiff alleges that "Defendant Judge Doug Bacon ratified these violations by approving a post-dated warrant constituting fabrication of judicial process" which denied Plaintiff's due process rights under the Fourteenth Amendment. (Doc. #1, p. 4.) Plaintiff alleges that "Defendants engaged in spoliation of body camera and records evidence, constituting obstruction of justice and a violation of Plaintiff's due process rights." (Doc. #1, p. 4.) Plaintiff alleges that "Defendants Sanders, Humler, and Seargent Krystal Smith obstructed Plaintiff's lawful delivery of Sunshine Law and spoliation notices" which violated his First and Fourteenth Amendment rights. (Doc. #1, p. 4.) Plaintiff alleges that Defendants Brumfield and Forgey concealed and withheld public records which violated Missouri's Sunshine Law and his due process rights. Plaintiff alleges that Defendant "Commissioners Morris, Williams, and Jackson directed and ratified these unlawful acts, establishing Monell liability against [Defendant] Christian County." (Doc. #1, p. 5.)

---

[1] Defendants identify the pending state criminal prosecution as Christian County Circuit Court Case No. 25CT-CR01202. The Court takes judicial notice of that state court case.

2

Case 6:25-cv-03239-SRB    Document 27    Filed 09/11/25    Page 2 of 6

Based on the foregoing and additional allegations, Plaintiff asserts the following claims: Count I—Fourth and Second Amendment Violations (42 U.S.C. § 1983); Count II—First Amendment Violations (42 U.S.C. § 1983); Count III—Fourteenth Amendment Due Process Violations (42 U.S.C. § 1983); Count IV—Conspiracy to Violate Civil Rights (42 U.S.C. § 1985); Count V—State Law Torts; and Count VI—Second Amendment Violations (42 U.S.C. § 1983).  Plaintiff requests various forms of relief, including $100,000,000 in compensatory damages.  Plaintiff also requests declaratory and injunctive relief.  Plaintiff separately filed a motion for temporary restraining order which seeks to "enjoin[] Defendants from further harassment, intimidation, or unlawful enforcement against Plaintiff and his family during the pendency of this case."  (Doc. #15, p. 2.)

In an Order dated September 9, 2025, the Court ordered "Plaintiff and Defendants [to] file a brief regarding whether *Younger* abstention is warranted in this case.  *See Minnesota Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 552 (8th Cir. 2018)."  (Doc. #21.)  Defendants then filed the pending motion "encourag[ing] the Court to abstain . . . under the *Younger* abstention doctrine."  (Doc. #23, p. 1.)  Plaintiff filed a brief arguing that the Court should not abstain.  Plaintiff's abstention brief further argues the Court should "enjoin[] continued prosecution based on fabricated evidence pending resolution of this action."  (Doc. #25, p. 8.)  The abstention issue is thus fully briefed and addressed below.

## II. LEGAL STANDARD

"In *Younger v. Harris*, the Supreme Court held that, consistent with our nation's commitment to the principles of comity and federalism, a federal court should abstain from exercising jurisdiction in cases where there is a parallel, pending state criminal proceeding, so long as certain conditions are met."  *Minnesota Living Assistance, Inc. v. Peterson*, 899 F.3d 548,

3

552 (8th Cir. 2018) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). There are "[t]hree lines of inquiry for determining whether *Younger* abstention is appropriate[.]" *Id.*

The first inquiry is whether "the underlying state proceeding fall[s] within one of the three 'exceptional circumstances' where *Younger* abstention is appropriate?" *Id.* If so, the second inquiry is whether "the state proceeding satisf[ies] what are known as the *Middlesex* factors?" *Id.* The third inquiry considers whether, "even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?" *Id.*

### III. DISCUSSION

In this case, all three inquiries weigh in favor of abstention. First, this case falls squarely under *Younger* because Plaintiff challenges a parallel, pending state criminal proceeding against him. *See Younger*, 401 U.S. at 45.

Second, the state proceedings satisfy the *Middlesex* factors. Those factors include whether the state proceeding is judicial, whether it implicates important state interests, and whether it will provide an adequate opportunity for constitutional challenges. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Plaintiff's underlying state court prosecution is unquestionably judicial in nature; indeed, Plaintiff names a prosecutor and the presiding judge as Defendants in this case. The underlying state court prosecution implicates important state interests. Among other things, Plaintiff is charged with traffic offenses and resisting/interfering with a lawful arrest. The state has significant interests in traffic safety and ensuring that individuals comply with lawful directives. Finally, the underlying state court proceeding is pending in state court and Plaintiff will have an adequate opportunity to raise any constitutional challenges—whether at the state trial court level and/or on appeal. *See Tony*

*Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1251 (8th Cir. 2012) ("[O]f course, state-court litigants such as the [plaintiffs] here may appeal from an adverse state supreme court decision to the United States Supreme Court under 28 U.S.C. § 1257.")

Third, Plaintiff has failed to show an exception to *Younger* abstention. A district court may decide not to abstain if a plaintiff makes a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex*, 457 U.S. at 435. Plaintiff argues that three *Younger* exceptions are present: "bad faith prosecution," "coordinated harassment pattern," and other "extraordinary circumstances." (Doc. #25, pp. 4-5.) Among other things, Plaintiff argues the "prosecutor [is] in default since July 2025," "Defendants present false narrative to prejudice proceedings," and that "video evidence creates unsurmountable factual disputes preventing dismissal." (Doc. #25, p. 5.)

The Court finds that these arguments do not weigh against abstention. Plaintiff summarily alleges bad faith and other alleged wrongdoing, but his arguments are not sufficient to prevent abstention. Moreover, and as stated above, Plaintiff will have an opportunity to present his arguments and alleged evidence to the trial court and on appeal.

For all these reasons, and the additional reasons stated by Defendants, the Court must abstain from, and dismiss, this case under *Younger*. *See Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts.") (cleaned up).

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that the moving Defendants' Supplemental Motion to Dismiss and Suggestions in Support of the Court's Exercise of *Younger* Abstention (Doc. #23) is GRANTED. It is hereby ORDERED that this case is DISMISSED WITHOUT PREJUDICE.

All other pending motions, including Doc. #14; Doc. #22, and Doc. #26 are DENIED WITHOUT PREJUDICE; if warranted, those motions may be refiled in state court.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

Dated: September 11, 2025

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE